**JACKSON v. CITY OF BESSEMER.**
(6 Div. 320.)

(Court of Appeals of Alabama.   Jan. 15, 1924.
Rehearing Denied Feb. 12, 1924.)

I. **Municipal   corporations   ⬅⬆639(2)—Complaint   charging   violation   of   ordinance   held sufficient.**

A complaint charging possession of whisky in violation of an ordinance set out therein, and averring that it was regularly and legally adopted by the city before such violation, and was a valid subsisting ordinance at the time of the offense and the trial, *held* sufficient on demurrer.

2. **Criminal   law   ⬅⬆260(8)—Court   may   not grant defendant's motion to dismiss appeal and discharge defendant, where no ground for discharge is shown.**

Defendant may dismiss his appeal to the circuit court from a judgment of conviction in the recorder's court, but when a motion to discharge defendant is included in the motion to dismiss, and no ground for the former motion is shown, the court may not grant the motion to dismiss and discharge defendant.

3. **Criminal   law   ⬅⬆1090(11)—Refusal   of   affirmative charge for defendant not reviewable in absence of bill of exceptions.**

Where there is no bill of exceptions, refusal to give the affirmative charge for defendant is not reviewable.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Eugenia Jackson was convicted of violating an ordinance of the city of Bessemer, and appeals. Affirmed,

Benton & Bentley, of Bessemer, for appellant.

The averment that the ordinance in question was regularly and legally adopted is not sufficient to show authoritative ordination of the ordinance. Rosenberg v. Selma, 168 Ala. 195, 52 South. 742; Benjamin v. Montgomery, 16 Ala. App. 389, 78 South. 167; Bouyer v. Bessemer, 17 Ala. App. 665, 88 South. 192.

Bumgardner & Wilson, of Bessemer, for appellee.

The averments of the complaint are sufficient; the authorities cited by appellant are not to the contrary.

FOSTER, J.   [1] The defendant was convicted in the recorder's court of the city of Bessemer for violation of the prohibition law, and appealed to the circuit court (Bessemer division).   In the circuit court. the plaintiff, the city of Bessemer, by its attorney filed a complaint charging that the defendant did have in her possession whisky in violation of section 2 of Ordinance 385, of

the city of Bessemer, setting out section 2 in the complaint, and averring that it was regularly and legally adopted by. said city before the alleged violation by the defendant, and was a valid subsisting ordinance at the time of the alleged commission of the offense and at the time of the trial.

The demurrer to the complaint was properly overruled.

[2] On the trial in the circuit court the defendant moved to dismiss the appeal and discharge the defendant.   A defendant may dismiss an appeal taken to the circuit court from judgment of the recorder's court, but when there is included in the motion to dismiss the motion to discharge the defendant, and no ground for the motion is shown, the court may not grant the motion to dismiss and discharge the defendant.

[3] There is no bill of exceptions and no question presented for review on the court's refusal to give the affirmative charge for the defendant.

The judgment of the circuit court is affirmed.

Affirmed.